# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GERAWAN FARMING, INC., | ) | 1:10cv02011 AWI DLB |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION TO REMAND ACTION |
| v. | ) | |
| | ) | (Document 14) |
| WORREL & WORELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Gerawan Farming, Inc. ("Plaintiff"), filed the instant motion to remand this action to the Fresno County Superior Court on November 23, 2010. The motion was heard on January 14, 2011, before the Honorable Dennis L. Beck, United States Magistrate Judge. James Ham appeared on behalf of Plaintiff. Marshall Whitney appeared on behalf of Worrel & Worrel and Rodney K. Worrel (the "Worrel Defendants"), and Bradley Kaplan appeared on behalf of Townsend and Townsend and Crew, LLP, Matthew E. Hinsch and William M. Hynes (the "Townsend Defendants").

## BACKGROUND

Plaintiff filed this legal malpractice action against the Townsend Defendants and the Worrel Defendants on September 30, 2010, in Fresno County Superior Court. The Worrel Defendants removed the action to this Court on October 25, 2010, pursuant to this Court's exclusive jurisdiction in cases relating to patents, plant variety protection and copyrights. 28 U.S.C. § 1338.

1

On November 23, 2010, Plaintiff filed the instant motion to remand the action. The Townsend Defendants opposed the motion on December 29, 2010, and the Worrel Defendants opposed the motion on December 30, 2010. Plaintiff filed its reply on January 7, 2011.

## ALLEGATIONS IN THE COMPLAINT

Plaintiff's complaint sets forth a single cause of action for legal malpractice based on Defendants' legal representation in connection with the creation of five plant patents.

According to the complaint, Plaintiff is the nation's largest grower of stone fruit and has marketed its fruits under the PRIMA brand for decades. Its PRIMA trademark was registered, in standard form, with the United States Patent and Trademark Office on June 2, 1987. The mark was registered in stylized form on March 17, 2009.

Beginning in 1984 and continuing to at least 1996, Plaintiff retained the Worrel Defendants to provide legal advice with respect to its intellectual property, including its PRIMA trademark. The Worrel Defendants successfully prosecuted four United States plant patents on behalf of Plaintiff: "Prima Red Plum 9-1," "Prima Black Plum 5-25," "Prima Black Plum 8-15," and "Prima Gattie Peach Tree."

In or around mid-1996, Plaintiff retained the Townsend Defendants in connection with a possible trademark infringement action. The Townsend Defendants' scope of representation soon widened and they became Plaintiff's outside counsel regarding all matters pertaining to its trademark and patents. The Townsend Defendants represented Plaintiff in this capacity through at least January 2010.

In or around 2001, the Townsend Defendants "prepared and prosecuted" United States plant patent "Nectarine Tree Named 'Prima Diamond 19.'"

On January 29, 2010, Plaintiff filed a trademark infringement action in this Court against Prima Bella Produce, Inc., 1:10cv0148 LJO JLT. On June 25, 2010, Prima Bella filed an answer setting forth an affirmative defense alleging that Plaintiff's claims fail because its "alleged PRIMA mark with respect to fresh fruits are generic variety designations." Prima Bella also filed a counterclaim against Plaintiff alleging that PRIMA cannot be used as a trademark designation because Plaintiff's use of the PRIMA name "as a portion of the patent plant varietal name"

1  rendered the mark a "functional and/or generic designation for [Plaintiff's] fruit varieties."

2      Plaintiff contends that Defendants breached their duty of care by negligently preparing
3  and prosecuting the above patents by including the PRIMA trademark in the patent name.
4  Plaintiff contends that this created a risk that its PRIMA trademark could be damaged and/or
5  invalidated. Plaintiff contends that the Townsend Defendants further breached their duty of care
6  by (1) initially concealing the fact that the Townsend Defendants had prosecuted a patent
7  employing the PRIMA trademark; (2) failing to advise Plaintiff to sue the Worrel Defendants for
8  legal malpractice; (3) failing to advise Plaintiff to consult with independent counsel regarding its
9  rights and remedies against the Townsend Defendants; and (4) failing to provide legal advice and
10 counseling to Plaintiff in such a manner as to strengthen and preserve its PRIMA trademark.

11     Plaintiff alleges that beginning in January 2010, as a result of Defendants' negligence, it
12 has incurred, and continues to incur, attorneys' fees and costs to defend against Prima Bella's
13 claims. It also alleges that it is reasonably foreseeable that it will be required to expend
14 additional attorneys' fees and costs litigating the "genericness" issue against other infringers.

15 **DISCUSSION**

16 A.    Joinder in Notice of Removal

17     As a threshold issue, Plaintiff contends that removal was defective because the Townsend
18 Defendants did not join in the Worrel Defendants' removal notice.

19     "Ordinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in the
20 petition for removal, except for nominal, unknown or fraudulently joined parties. Hewitt v. City
21 of Stanton, 798 F.2d 1230, 1232 (9th Cir.1986). This rule applies only to defendants who have
22 been properly joined and served. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n. 1 (9th
23 Cir. 1988).

24     There seems to be no dispute that the Townsend Defendants were served prior to the
25 Notice of Removal, though just by hours. Plaintiff includes the Declaration of James Ham, who
26 states that he received the Townsend Defendants' Notice and Acknowledgment of Receipt by e-
27 mail at 9:45 a.m. and 9:46 a.m., on October 25, 2010. The Notice of Removal was filed with the
28 Court later that day, at 4:31 p.m. Declaration of James I. Ham, ¶¶ 6, 7. There is no evidence,

however, that the Worel Defendants were aware the Townsend Defendants had been served at the time the Notice of Removal was filed. Moreover, there was no evidence on the record of the state court action that the Townsend Defendants had been served.

There is also no dispute that the Townsend Defendants did not join in the Notice of Removal. This does not end the inquiry, however. On November 15, 2010, within the time specified by 28 U.S.C. § 1446(b), the Townsend Defendants filed their answer in this Court. An answer filed within the specified time may be deemed consent of the non-joining defendant to removal. See eg., Hernandez v. Six Flags Magic Mountain, Inc., 688 F.Supp. 560 (C.D. Cal. 1988).

The Townsend Defendants' consent to removal is further evidenced by discussions between counsel weeks prior to the filing of the Notice of Removal. Guy Calladine, counsel for the Townsend Defendants, states that he spoke with Marshal Whitney, Worrel's counsel, on October 5, 2010. During that conversation, Mr. Calladine notified Mr. Whitney of his consent to removal. Declaration of Guy Calladine, ¶ 2.

At the hearing, Plaintiff's counsel did not dispute his knowledge of the Townsend Defendants' consent to removal prior to the filing of the Notice, nor did he point to any resulting prejudice.

Therefore, given the Townsend Defendants' timely answer in this Court, as well as the knowledge by all parties that the Townsend Defendants consented to removal, the Court declines to find a procedural defect in the Notice of Removal.

B.  Removal Jurisdiction

   1.  *Legal Standard*

By statute "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking to invoke federal jurisdiction bears the burden of establishing jurisdiction. See Indus. Tectonics, Inc. v. Aero Alloy, 912 F. 2d 1090, 1092 (9th Cir. 1990).

    Whether a cause of action arises under the Constitution, treaties, or laws of the United States must be determined solely from what is contained in the plaintiff's well-pleaded complaint. Lighting Science Group Corp. v. Koninklijke Philips Electronics N.V., 624 F.Supp.2d 1174, 1178 (E.D. Cal. 2008) (citing Taylor v. Anderson, 234 U.S. 74, 75-76 (1914)). Federal jurisdiction is not proper when the federal question only arises through the defendant's defense or the plaintiff's necessary response thereto. Id. (citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809 (1988)). A case may not be removed based on a federal defense "even if the defense is anticipated in the plaintiff's complaint, and even if both parties conceded that the federal defense is the only question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987).

    "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

    2.    *Analysis*

    Plaintiff argues for remand based on its belief that resolution of this action does not necessarily depend on resolution of a substantial question of federal law.

    In Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 809 (1988), the Supreme Court held that section 1338(a) jurisdiction extends "only to those claims in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is not a necessary element of one of the well-pleaded claims." In assessing the plaintiff's anti-trust claim, the Court found that it encompassed claims under the Sherman Act and that the patent law issue, "while arguably necessary to at least one theory under each claim, is not necessary to the overall success of either claim." Id. at 810; see also Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 312-314 (2005) ("the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.").

    Plaintiff frames this as a state law legal malpractice claim and argues that any federal

issues raised are tangential. While Plaintiff concedes that the action involves the legal consequences to its PRIMA mark by the use of the mark in the five plant patents, it argues that the case does not call for the Court to construe or enforce its patent rights. "The question is simply whether attorneys employing ordinary care would have included a trademark name in the name of patents prosecuted for plaintiff's benefit, and the impact of that decision on Gerawan's trademark." Plaintiff characterizes this as a "factual question properly resolved by a State court exercising its jurisdiction over the regulation of attorneys." Motion, at 2.

Under California law, a plaintiff in a legal malpractice action must show (1) an attorney-client relationship or other basis for duty; (2) a negligent act or omission; (3) causation; and (4) damages. Lombardo v. Huysentruyt, 91 Cal.App.4th 656, 665 (2001). In proving causation, the plaintiff must show that but for the alleged malpractice, it is more likely than not that the plaintiff would have obtained a more favorable result. Viner v. Sweet, 30 Cal. 4th 1232, 1244 (2003).

Despite Plaintiff's contention, proving both causation and damages will require resolution of a substantial question of federal law. In its complaint, Plaintiff characterizes its damages as the expenditure of attorneys' fees and costs in defending its trademark in litigation pending before this Court. Specifically, Plaintiff is defending its PRIMA trademark against allegations that it is generic. To prove causation, regardless of the outcome of the pending action, Plaintiff will have to demonstrate that Defendants' use of the trademark in the patent name, rather than simply the characteristics of the word "Prima," was the legal cause of their harm. Plaintiff admits that if it loses the trademark action and the PRIMA mark is invalidated because it is generic, its claimed damages will also include those related to trademark diminution. In this scenario, Plaintiff will have to prove causation by showing that the use of the trademark in the patent name was the cause of the generic finding and resulting invalidation. This will require resolution of substantial questions of federal patent and trademark law.

If Plaintiff wins the trademark action, the ultimate harm may be different but the causation analysis remains the same. Plaintiff will have to show that Defendants' use of the trademark in the patent name resulted in Prima Bella's counterclaim allegations that the mark is

generic. Under either scenario, then, Plaintiff will be required to undertake an analysis of federal patent and trademark law.

Similarly, assessing Plaintiff's damages will require a determination as to whether Prima Bella's counterclaim is a colorable claim. Indeed, the counterclaim that Plaintiff now alleges resulted from Defendants' professional negligence must have merit if Defendants are to be held liable for the costs of defending it. As with causation, such a determination will require interpretation of federal law.

Therefore, Plaintiff cannot recover for Defendants' alleged negligence without resolving substantial issues of trademark and patent law.

The Court also has a substantial interesting in hearing this action. Unlike the majority of legal malpractice cases where the standard of care is determined within the jurisdiction of state law, the standard of care here is solely within the realm of federal patent law. There is no state law equivalent. The standard of care will therefore be determined based on an analysis of federal law. This also means that this action has the potential to set federal precedent as to what constitutes the standard of care in similar patent cases.

Based on the above, the Court finds that federal question jurisdiction exists under 28 U.S.C. § 1338. Federal law is necessary to the overall success of Plaintiff's claim. Christianson, 486 U.S. at 810.

**ORDER**

Plaintiff's motion to remand is therefore DENIED.

This action appears to be related to the underlying action, 1:01cv0148 LJO JLT. The Court will relate these actions unless the parties notify the Court within thirty (30) days of any objection.

IT IS SO ORDERED.

Dated:   **January 20, 2011**             /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE