IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERAWAN FARMING, INC., | Case No. 1:10-cv-02011 LJO JLT |
| Plaintiff, | ORDER ON MOTION FOR PROTECTIVE ORDER |
| vs. | (Doc. 37) |
| TOWNSEND TOWNSEND AND CREW LLP, ET AL., | |
| Defendant. | |

## I.  BACKGROUND

In this case, Plaintiff alleges that Defendants, Plaintiff's former patent counsel and successive patent counsel, committed legal malpractice related to patents obtained on Plaintiff's behalf. (Doc. 1-1) Plaintiff alleges that as a result of this malpractice, their patents have come under attack. Id.

This matter now comes before the Court on the joint motion for a protective order. (Doc. 37) The parties have agreed to most of the language of the protective order but cannot agree on certain key points. Upon consideration of the parties' submitted papers, the Court **ORDERS** the protective order filed herewith, into effect.

## II.  DISCUSSION

A court may issue, upon motion and a showing of good cause, a protective order to shield any party from undue burdens arising from discovery. Fed. R. Civ. P. 26(c)(2).  After considering the written arguments of the parties, and upon the authority vested in the Court according to Fed. R. Civ.

1  P. 26(c)(2), the Court holds as follows[1]:

2  <u>Attorney-Client Privilege</u>

3  The parties agree that Plaintiff the attorney-client privilege that existed before the initiation of
4  this action no longer applies to some or all of the communication occurring while between Defendants
5  represented Plaintiff.  The disagreement seems to surround Plaintiff's concern that the filing of this
6  litigation does not open up the attorney-client communications to world view nor does it, in any fashion,
7  open to view communications that are unrelated to the underlying issues in this case. Defendants seem
8  to take the view that with the filing of the instant litigation, there is a waiver of the entirety of the
9  privilege which, they seem to believe, releases them to share the information to whomever they choose,
10 rather than limiting the use of the information to the confines of this litigation.

11 However, California Evidence Code § 958 provides, "There is no privilege under this article as
12 to a communication **relevant to an issue of breach**, by the lawyer or by the client, of a duty arising out
13 of the lawyer-client relationship." (Emphasis added) "Generally, the filing of a legal malpractice action
14 against one's attorney results in a waiver of the privilege, thus enabling the attorney to disclose, to the
15 extent necessary to defend against the action, information otherwise protected by the attorney-client
16 privilege." <u>McDermott, Will & Emery v. Superior Court</u>, 83 Cal. App. 4th 378, 383-384 (2000). <u>See
17 also</u> <u>Rhone-Poulenc Rorer</u>, 32 F.3d at 863 ("[A] client may waive the privilege as to certain
18 communications with a lawyer by filing a malpractice action against the lawyer."). Defendants cite a
19 number of cases that demonstrate this same proposition also. All of these authorities make clear that
20 Plaintiff's former patent attorneys may use otherwise privileged communications, but only if relevant,
21 to defend themselves in Plaintiff's legal malpractice suit.  The question remains, then, whether
22 Defendants are free to share this newly unprivileged information outside of this current litigation. The
23 Court finds that they are not.

24 In a related matter, <u>Gerawan Farming, Inc. v. Prima Bella Produce Inc,</u> 2011 U.SA. Dist. LEXIS
25 67254 at * 18-20, the Court held,

26 Where the parties clash, then, is over the issue of whether Plaintiff's waiver of privilege

27
28 [1] The Court does not set forth all areas of dispute but only those where there is serious dispute as to a substantive issue.  As to non-substantive issues, the Court merely modifies the proposed protective order to accomplish the intentions of the parties and the needs of the Court.

2

in one action extends to the current action. This issue was addressed by the Fifth Circuit in United States v. Ballard, 779 F.2d 287 (5th Cir. 1986). In Ballard, the defendant was found guilty in a criminal trial for making false statements in his petition for bankruptcy. Id. at 290. At trial, the district court admitted the testimony of the defendant's former attorney. Id. at 291-92. The district court reasoned that the defendant, by suing his former attorney for malpractice in a separate civil action, waived any privilege shielding his communications with his former attorney. Id. at 292. The Fifth Circuit disagreed. The Fifth Circuit explained: "The mere institution of suit against a lawyer . . . is not a waiver of the [attorney-client] privilege for all subsequent proceedings, however related or unrelated." Id. [Footnote]

Applying the reasoning set forth in Ballard, the Court finds that Plaintiff may invoke the attorney-client privilege to shield communications between it and its former counsel in this action. The initiation of a malpractice suit against Plaintiff's former patent attorneys does not mean that Plaintiff's communications with its former attorneys are suddenly open to unfettered discovery in this case. See Industrial Clearinghouse, Inc. v. Browning Mfg., 953 F.2d 1004, 1007 (5th Cir. 1992) ("Ballard teaches, quite correctly, that the *mere institution of suit* against an attorney is insufficient to waive the attorney-client privilege as to third parties in a separate action that [may concern] the same subject matter as the attorney malpractice action.") (emphasis in original).

The Court does not deviate from this previous determination. Therefore, though each Defendant is free to use communications each had with Plaintiff that were privileged until this litigation was filed to defend themselves in this matter–as long as these communications are relevant to the issues raised here— they are not free to disclose these communications outside of these proceedings.

Therefore, the Court will adopt Plaintiff's language outlined in paragraphs 2.3, 3 and 11. However, the Court finds Plaintiff's proposed language in paragraph 1 to be unnecessary and will strike it.

### Agreements To Be Bound

The protective order requires those to whom disclosure of sensitive information may be made, to sign an agreement to be bound to the protective order. The person signing the agreement specifically acknowledges the obligation to hold the information in confidence and submits to punishment in the event that he violates the protective order.

Plaintiff takes the position that any agreement to be bound, executed by assisting counsel, experts and counsel for insurance carriers, must be provided to it upon their execution. However, Defendants' perspective, that such disclosure implicates the attorney work product and provides an improper view into the actions taken by them in defense of the action, is valid. As officers of the Court, the Court has no doubt that Defendants' counsel of record–as officers of this Court– are quite aware of their obligation

to obtain the agreements and are well-able to maintain the executed agreements.  Thus, Plaintiff's language in this regard in paragraphs 7.2(a), 7.2(b), 7.2(g), 7.2(h), 7.3(g) and 7.3(h) will not be adopted.

<u>Competitor Experts</u>

The parties have agreed that before Defendants disclose sensitive information to experts who are competitors of Plaintiff or who are currently working with, or within five years have worked with, competitors of Plaintiff, Defendants will notify Plaintiff of their intention to disclose information and provide certain details about the expert to allow Plaintiff to object.  The parties disagree as to whether Plaintiff should be required to supply a list of those who it considers to be competitors.  Defendants argue that Plaintiff is best suited to know who are its competitors.  Plaintiff argues that competitors enter and leave the market constantly and providing a list of competitors is fraught with the probability of error.

The Court determines here that the expert, in fact, is best suited to know whether he is a competitor or is or has recently worked for a competitor of Plaintiff.  Thus, Defendant will be required by the protective order to make a full inquiry of the expert and to obtain a declaration from him on these topics before any information is shared with the expert.  To this end, the expert shall provide written certification whether he is a competitor of Plaintiff, whether he is currently employed by or contracted with a competitor and whether he has been employed by or contracted with a competitor, within five years.  If he certifies that he is not a competitor, is not currently employed by or contracted with a competitor and has not been employed by or contracted with a competitor within five years, Defendants are not required to provide Plaintiff any advance notice of the disclosure of the information.  Otherwise, Defendants must alert Plaintiff as to the intended disclosure and provide Plaintiff certain information, as set forth in the protective order, to allow Plaintiff an opportunity to object to the disclosure before it is made.

**ORDER**

For the reasons set forth above, the Court finds good cause to issue a protective order and hereby issues the protective order filed herewith.

IT IS SO ORDERED.

Dated:   **September 23, 2011**                                    **/s/ Jennifer L. Thurston**
                                                                                         UNITED STATES MAGISTRATE JUDGE