IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERAWAN FARMING, INC., ) | Case No.: 1:10-cv-02011-LJO-JLT |
| Plaintiff, ) | |
| ) | **PROTECTIVE ORDER** |
| vs. ) | |
| ) | |
| TOWNSEND TOWNSEND AND CREW, ) | |
| LLP, et al., ) | |
| Defendants. ) | |

## 1.    GOOD CAUSE AND PURPOSE STATEMENT

As set forth in the pleadings, Plaintiff alleges that the Defendants, who are the Plaintiff's former attorneys, committed legal malpractice in the use of Plaintiff's trademark in five patents. Plaintiff alleges that the negligent use of Plaintiff's trademark in connection with the patents has exposed Plaintiff's "Prima" trademark to claims of invalidity or genericness based on the use of the word "Prima" together with the varietal name of the five patents.  The prosecution and defense of this legal malpractice action will likely require the disclosure of communications between Plaintiff as a client and Defendants as attorneys as well as other work produced during the course of an attorney/client relationship.

In addition, the disclosure of commercially sensitive information, including but not limited to trade secrets, proprietary technology or processes, competitive financial and market information,

and other confidential information may be required and plaintiff seeks to protect such information from unnecessary disclosure in order to protect Plaintiff from possible prejudice or harm that could arise if the information was made publicly available.

Local Rule 141 of the Local Rules of the United States District Court for the Eastern District of California set forth the procedures to be followed where a party seeks permission from the court to file material under seal.  Pursuant to Local Rule 141.1(c)(3), the need for protection should be addressed by Court order, rather than private agreement, to protect the parties' legitimate interest in the protection of confidential information from disclosure to third parties, and to avoid the substantially increased costs and burdens of discovery that would result in this action in the absence of such an order, including the avoidance of numerous discovery disputes and motions regarding whether disclosure of particular documents is necessary to support a claim or defense in this legal malpractice action.

The purpose of this Protective Order is to provide a means for limiting access to, and the use and disclosure of, protected documents and information that are produced in this action.  This Order does not confer blanket protections on all disclosures or responses to discovery.  The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles and the terms of this Protective Order.

2.   **<u>DEFINITIONS</u>**

2.1  "<u>ATTORNEY EYES ONLY</u>":  Shall mean information that is extremely sensitive CONFIDENTIAL information whose disclosure to another Party or Non-Party would create a substantial risk of serious injury that could not be avoided by less restrictive means.  Such information is:  (1) confidential forwarding looking business, marketing, advertising, financial or promotional plans; (2) confidential inventions; (3) confidential processes; (4) confidential methods; and (5) proprietary customer, marketing and financial information.

2.2  <u>Challenging Party</u>:  A Party or Nonparty that challenges the designation of information or items under this order.

2.3 "<u>CONFIDENTIAL</u>":  Shall mean and include information (regardless of how generated, stored or maintained) or tangible things, that qualify for protection under Federal Rule of Civil Procedure 26(c), including information containing or revealing attorney-client privileged communications between Plaintiff and Defendants, and work product prepared in the course of the underlying legal representation of Plaintiff by Defendants.

2.4 <u>Counsel of Record</u>:  Attorneys (and their support staff) who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party.

2.5 <u>Designating Party</u>:  A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEY EYES ONLY."

2.6 <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner in which they are generated, stored or maintained (including, among other things, testimony, transcripts and tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel of Record to serve as an expert witness or as a consultant in this action.

2.8 <u>Inadvertently Produced Document</u>:  A document produced to a Party in this litigation that is subject to a claim of privilege or of protection as trial-preparation material.

2.9 <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party (as defined in this Order) to this action.

2.10 <u>Party</u>:  Any Party to this action, including all of its officers, directors, partners, and employees, as well as its successors and predecessors, and further including, without limitation, as to Defendant Townsend, the law firm of Kilpatrick Townsend & Stockton LLP.

2.11 <u>Producing Party</u>:  A Party or Nonparty that produces Disclosure or Discovery Material in this action.

2.12   <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEY EYES ONLY."

2.14   <u>Receiving Party</u>:  A Party who  receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also:  (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel of Record that reveal Protected Material. However, the protections conferred by this Protective Order do not cover the following information: (1) any information that is in the public domain at the time of disclosure to a Receiving Party; and (2) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.   Notwithstanding the foregoing subparagraph (2), attorney-client privileged communications and work product fall within the scope of protection provided by this Protective Order, notwithstanding the fact such information may have been known to the Receiving Party by virtue of a pre-existing attorney-client relationship with the Plaintiff.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of:  (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.** **DESIGNATING PROTECTED MATERIAL**

5.1 Exercise of Restraint and Care in Designating Material for Protection:  Each Party or Nonparty that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

If it comes to a Designating Party's attention that information or items it has designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations:  Except as otherwise provided in this Protective Order, or as otherwise expressly stipulated in writing or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly designated at the time the material is initially disclosed or produced.

Designation in conformity with this Order requires:

(a)     For information produced by Plaintiff or Plaintiff's Counsel of Record in documentary or other tangible form, (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall apply control numbers to the documents or other tangible item and affix the legend:  "ATTORNEY EYES ONLY" or "CONFIDENTIAL" to each page that contains protected material.

(b)     For information produced by a Defendant or Defendant's Counsel of Record in documentary or other tangible form, (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall apply control numbers to the documents or other tangible item prior to producing them.  With respect to documents and material constituting client papers and property, such documents shall be identified by Defendant or Defendant's Counsel of Record, and Plaintiff and its Counsel of Record shall, within a reasonable time, review the documents, determine if any are protected by the terms of this Order, affix the legend "ATTORNEY EYES ONLY" or "CONFIDENTIAL" to each page that

contains protected material, and make available to the other parties in the action a copy of the labeled document(s). Upon receipt of the document(s) containing the "ATTORNEY EYES ONLY" or "CONFIDENTIAL" legend, each Party and its Counsel of Record shall utilize such documents for the purposes of this case and will not use any earlier copy which does not contain the appropriate legends. During the period of review and designation by Plaintiff and its Counsel of Record of client papers and property, all Parties and their Counsel of Record shall treat the produced documents or other tangible item as if they were "ATTORNEY EYES ONLY" materials subject to the terms of the this Order. If Plaintiff and its Counsel of Record require more than fifteen (15) days to review the documents to identify the application of a specific legend, they shall notify Defendants Counsel of the anticipated duration of the review. The foregoing does not affect the Parties' respective rights and obligations with respect to maintaining the original client file.

A Party or Nonparty that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all the material made available for inspection shall be deemed "ATTORNEY EYES ONLY." After the inspecting Party has identified documents it wants copied and produced, the documents shall be handled in accord with section 5.2(a) and (b) of this Order.

(c)    For testimony given in deposition or other pretrial proceedings, the Designating Party shall identify on the record, before the close of the deposition, hearing or other proceeding, all protected testimony. With respect to depositions, any Party may also make additional or modified designations under this Protective Order of testimony given during the deposition at any time within fifteen (15) days after the transcript of such deposition is delivered to the Parties by the court reporter, by notifying the other Parties in writing of such designations (including the portions designated by page and line and the level of designation). During such fifteen (15) day period, the transcript will not be disclosed to anyone other than Counsel of Record, the witness, and any Party with whom such witness is employed or associated.

5.3 Inadvertent Failures to Designate: If timely corrected, an inadvertent failure to designate

information or items does not waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure the material is treated in accordance with the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges:   Any Party or Nonparty may challenge a designation of confidentiality within thirty (30) days of receipt of the designated documents, unless the parties agree in writing to a longer time period.  A party may move to challenge a designation after thirty (30) days only upon a showing of good cause.

6.2 Meet and Confer:   The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  The Parties shall attempt to resolve each challenge in good faith and must begin the process through a meet and confer within fourteen (14) days of the date of service of the challenge. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper, and must give the Designating Party an opportunity to review the designated material to reconsider and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention:    If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion to confirm the confidentiality designation within fourteen (14) days of the Parties' agreeing that the meet and confer process will not resolve their dispute.  Each such motion must be accompanied by a competent declaration affirming that the Parties have complied with the meet and confer requirements imposed in the preceding paragraph.  The Designating Party's failure to file a motion to confirm the confidentiality designation within the time frame specified in this section shall be deemed a waiver of the confidentiality designation.

The burden of persuasion in any such confirmation proceeding shall be on the party

designating the information as protected under the terms of this Protective Order.   Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expense and burden on other Parties) may result in the imposition of sanctions.   During the pendency of the confirmation proceeding, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7.**      **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1   <u>Basic Principles</u>:   A Receiving Party (as defined by this Order) may use Protected Material that is disclosed or produced by another Party or Nonparty in connection with this case only for prosecuting, defending, or attempting to settle this litigation.   Such Protected Material may be disclosed only to the categories of persons, and under the conditions, described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12 (FINAL DISPOSITION) below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Nothing in this order, however, affects the rights of any Party to possess or utilize any part of the client papers or property in accordance with applicable law.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.   Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following:

(a) the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and attorneys who are otherwise assisting Counsel of Record in this matter provided that the assistant attorneys execute the "Acknowledgement and Agreement to be Bound" (Exhibit A) and return it to Counsel of Record being assisted.

(b) Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation; (2) who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A) and returned same to Counsel who retained the expert who

shall maintain the original of the Acknowledgement and Agreement to be Bound for the duration of this Order, and (3) who have complied with the procedures set forth in paragraph 7.3(b) of this Protective Order;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A) ) and returned same to Counsel who retained the individual signing the "Acknowledgement to be Bound."  Such Counsel shall maintain the original of the Acknowledgement and Agreement to be Bound for the duration of this Order;

(e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary where said witness has signed the "Acknowledgement and Agreement to be Bound" (Exhibit A), the original of which shall be attached to and become an exhibit to the deposition. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order and in accordance with Local Rule 141.1 if submitted to the court;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) the Parties in this action, including their officers, directors, employees and attorneys to whom it is reasonably necessary to disclose the information who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A) and returned same to Counsel for the party.  Such Counsel shall maintain the original of the "Acknowledgement and Agreement to be Bound" for the duration of this Order.

(h) Legal counsel for the defendants' insurance carriers, provided that such counsel signs the "Acknowledgment and Agreement to be Bound" (Exhibit A) which shall be maintained by the particular defendant's Counsel of Record.

7.3  <u>Disclosure of "ATTORNEY EYES ONLY" Information or Items.</u>  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEY EYES ONLY" only to the following:

(a) the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A) and returned same to Counsel who retained the expert.  Such Counsel shall maintain the original of the Acknowledgement and Agreement to Be Bound for the duration of this Order;

(i)  Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" shall first obtain a declaration from the expert whether the expert is a competitor of Plaintiff's, whether the expert is currently employed by or contracted with a competitor of Plaintiff and whether the expert has been employed by or contracted with a competitor of Plaintiff within five years.  Counsel of Record for the party seeking to disclose information to the expert shall maintain the original declaration for the duration of the litigation.  If the expert is a competitor of Plaintiff's, is currently employed by or contracted with a competitor of Plaintiff or has been employed by or contracted with a competitor of Plaintiff within five years, Counsel for the party SHALL provide to counsel for Gerawan Farming, Inc. (1) the full name and address of the Expert; (2) a copy of the Expert's resume; (3) information identifying the Expert's past (within the previous five years) and current employers and consultant relationships; and (4) a signed Copy of the "Acknowledgement and Agreement to be Bound" (Exhibit A).

(ii)  A Party making the above submission may disclose the "CONFIDENTIAL" or "ATTORNEY EYES ONLY" material to the Expert unless, within seven (7) court days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is reasonably based, and any objections to

disclosures to Experts shall be in good faith.

(iii)    A Party that receives a timely written objection to a disclosure to an Expert must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity and set forth in detail the reasons why the disclosure to the Expert is reasonably necessary.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

(iv)    In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the "CONFIDENTIAL" or "ATTORNEY EYES ONLY" information to its Expert.

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A) and returned same to Counsel who retained the individual signing the "Acknowledgement to be Bound."  Such Counsel shall maintain the original of the Acknowledgement and Agreement to Be Bound for the duration of this Order;

(e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary where said witness has signed the "Acknowledgement and Agreement to be Bound" (Exhibit A), the original of which shall be attached to and become an exhibit to the deposition. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as

permitted under this Stipulated Protective Order;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; ~~and~~

(g) this Protective Order is without prejudice to the rights of the Parties to stipulate to disclosure or to make a motion establishing good cause to allow the principals of the Parties or identified designees to have access to material designated as "ATTORNEY EYES ONLY." ,

## 8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in any other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" that Party must:  (1) promptly notify the Designating Party in writing of the subpoena or court order (and provide a copy of the subpoena or court order); (2) promptly notify the Party who caused the subpoena or order to issue in the other litigation in writing that some or all the material covered by the subpoena or order is subject to this Protective Order (and provide a copy of the Stipulated Protective Order to such other Party); and (3) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party with regard to maintaining the confidentiality of the Protected Material.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" before a determination of the motion for protective order, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking a protective order and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another Court.  If the Designating Party receives timely notice of the subpoena or other court order and fails to file a motion for protective order or take other appropriate action, the Receiving Party may comply with the subpoena or other court order without being deemed to have violated this Protective Order.

**9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed protected material to any person or in any circumstance not authorized under this protective order, the receiving party must immediately:  (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" attached hereto as Exhibit A.

**10.   CLAW BACK AGREEMENT (INADVERTENT DISCLOSURE)**

Pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502, the Parties agree to a Claw Back Agreement to protect against inadvertent waivers.

(a)   Inclusion of any Inadvertently Produced Document in a production shall not result in the waiver of any privilege or protection associated with such document, nor result in a subject matter waiver of any kind.

(b)   A Designating Party may demand the return of any Inadvertently Produced Document, which demand shall be made to the Receiving Party's counsel in writing and shall contain information sufficient to identify the Inadvertently Produced Document.  Within five (5) business days of the demand for the Inadvertently Produced Document, the Producing Party shall provide the Receiving Party with a privilege log for such document that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege for the Inadvertently Produced Document.  In the event that any portion of the Inadvertently Produced Document does not contain privileged information, the Producing Party shall also provide a redacted copy of the Inadvertently Produced Document that omits the information that the Producing Party believes is subject to a claim of privilege.

(c)   Upon receipt of a written demand for return of an Inadvertently Produced Document, the Receiving Party shall immediately return the Inadvertently Produced Document (and any copies thereof) to the Producing Party and shall immediately delete all electronic versions of the document.

(d)     The Receiving Party may object to the Producing Party's designation of an Inadvertently Produced Document by providing written notice of such objection within ten (10) business days of its receipt of a written demand for the return of an Inadvertently Produced Document.  Pending resolution of the matter by the Court, the Parties shall not use any documents that are claimed to be Inadvertently Produced Documents in this litigation.

(e)     Pursuant to Federal Rule of Evidence 502(d) and (e), by entry of this Protective Order, disclosure of an Inadvertently Produced Document is not a waiver of the attorney-client privilege or work-product protection associated with such document, nor shall such disclosure result in a subject matter waiver of any kind, in the present proceeding or in any other Federal or State proceeding.

**11.     CONTROLLING EFFECT OF COURT ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)**

Pursuant to Federal Rule of Evidence 502(d), good cause exists in this legal malpractice action between a former client and its former attorneys to permit the disclosure of attorney-client privileged or attorney work product information to the extent reasonably necessary to prosecute or defend this action and to permit the production and exchange of otherwise attorney-client privileged and work product information pursuant to the terms of this Protective Order.  The production and use of attorney-client privileged and work product information in this action shall not constitute a waiver of the attorney-client privilege or work product protection in any other Federal or State proceeding.

**12.     MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>:  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>:   This Order is without prejudice to any Party objecting to disclosing or producing any information or item on any ground not addressed in this Protected Order.  This Order does not limit any Party's right to object on any ground to the use or admission into evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>:  Without written permission from a Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  The Parties shall comply with Local Rules 141 (Sealing of Documents) and 141.1 of the Local Rules of the United States District Court for the Eastern District of California (Orders Protecting Confidential Information).

## 13.    **FINAL DISPOSITION**

Within sixty (60) days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, except that this provision does not apply to any client papers and property which belong to the client and nothing shall prevent any Party from maintaining copies of attorney-client privileged and attorney work product generated during the period of retention by another Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, the Designating Party) by the 60-day deadline that:  (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such material contained Protected Material.  Any such archival copies that contain or constitute Protected Material remains subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO ORDERED.

Dated:   **September 23, 2011**                    **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE

1

2                                              **EXHIBIT A**

3    GERAWAN FARMING, INC., a California )        Case No. 1:10-cv-02011-LJO-JLT
     corporation,                         )
4                                          )
                                           )
5                            Plaintiff,    )
                                           )
6            v.                            )
                                           )
7    TOWNSEND TOWNSEND AND CREW            )
     LLP, et aI.,                          )
8                                          )
                             Defendants.   )
9    _____ )

10                  CONSENT TO BE BOUND BY PROTECTIVE ORDER
                              CONFIDENTIAL MATERIAL
11

12

13        I, _____[print or type full name], of _____

14    [print or type full address], declare under penalty of perjury that I have read in its entirety and

15    understand the Protective Order that was issued by the United States District Court for the Eastern

16    District of California, Fresno Division, on September 23, 2011 in the case of *Gerawan Farming,*

17    *Inc. v, Townsend Townsend and Crew LLP*, et al., Case No.1:10-cv-02011-LJO-JLT.

18        I agree to comply with and to be bound by all the terms of the Protective Order. Specifically,

19    I will treat any "ATTORNEY EYES ONLY" and/or "CONFIDENTIAL" material I receive in this

20    action in accordance with the terms of the Protective Order. I also take responsibility for ensuring

21    that any employees, staff, or other assistants working under my supervision will strictly comply

22    with the terms of the Protective Order.

23        I solemnly promise that I will not disclose in any manner any information or item that is

24    subject to this Protective Order to any person or entity except in strict compliance with the

25    provisions of this Order. I understand and acknowledge that failure to so comply with the terms of

26    the Protective Order could expose me to sanctions and punishment in the nature of contempt and/or

27    to separate legal and equitable recourse by any Designating Party that is adversely affected by such

28

1    unauthorized use.

2         I further agree to submit to the jurisdiction of the United States District Court for the Eastern

3    District of California, Fresno Division, for the purpose of enforcing the terms of this Protective

4    Order, even if such enforcement proceedings occur after termination of this action.

5

6    Date: _____

7                                                    _____
                                                     Signature

8                                                    _____
                                                     Printed Name
9

10                                                   _____
                                                     Address
11
                                                     _____
12                                                   Individual or Entity Represented

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28