IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERAWAN FARMING, INC.,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>TOWNSEND TOWNSEND AND CREW LLP, ET AL.,<br>　　　　Defendant. | Case No. 1:10-cv-02011 LJO JLT<br><br>ORDER GRANTING MOTION FOR LEAVE TO FILE THE FIRST AMENDED COMPLAINT<br><br>(Doc. 57) |

On January 13, 2012, Plaintiff filed a motion for leave to file a First Amended Complaint, that was lodged along with it. (Docs. 57, 58-2) All Defendants have filed their notice of non-opposition to the motion. (Docs. 61, 62, 63). For the reasons set forth below, the Court **GRANTS** the motion to amend.

**I.    Background**

Plaintiff alleges that Defendants who are Plaintiff's former patent counsel and successive patent counsel, committed legal malpractice related to patents obtained on Plaintiff's behalf. (Doc. 1-1) Plaintiff alleges that as a result of this malpractice, their patents have come under attack. Id.

The matter was removed to this Court on October 25, 2010 according to the Court's federal question jurisdiction under 28 U.S.C. § 1338. (Doc. 1) On January 20, 2011, the Court denied Plaintiff's motion to remand the matter to state court. (Doc. 23)

On March 2, 2011, the Court held a scheduling conference, though no case schedule was issued.

(Doc. 26) At this same time, a related case was pending in this Court in which Gerawan was challenging the use of the patent at issue. As a result, the parties believed that the resolution of the underlying case could resolve this matter. Therefore, the Court continued the scheduling conference for six months. (Doc. 26)

On September 14, 2011, the Court held a scheduling/status conference in this case. (Doc. 35) At the time, Defendants reported that they believed that the matter could be disposed of on statute of limitations grounds. Id. Likewise, the parties reported they had not yet been able to work out a protective order related to confidential and privileged documents, though they had agreed previously to conduct discovery related to the statute of limitations. Id. As a result, the Court continued the scheduling conference for two months. Id.

On November 9, 2011, the Court issued its scheduling order. (Doc. 49) At the conference, Defendants reiterated their belief that the instant matter could be resolved on statute of limitations grounds. Thus, the Court set a briefing schedule for this motion and discovery related thereto. Id. at 2. Notably, Defendants' deadline to complete this discovery is February 10, 2012. Id. On the other hand, non-expert discovery overall, is due to conclude on October 5, 2012. Id. Finally, the scheduling order determined that "Any requested pleading amendments are ordered to be filed, either through a stipulation or motion to amend, no later than February 6, 2012."[1] (Doc. 49 at 2.) On January 9, 2012, Plaintiff filed its motion for leave to file an amended complaint and amended its motion on January 13, 2012. (Docs. 52, 57)

In the operative motion (Doc. 57), Plaintiff reports that the requested amendments consist only of adding "an item of damage arising from the same facts and circumstances upon which the original pleading is based." Id. at 3. Plaintiff attaches a copy of its proposed First Amended Complaint which details that the amendments consist of additions at page 9, lines 11-16, at page 11, lines 10-12 and at page 14, lines 11-14. (Doc. 58 at 12, 14, 17) Respectively, the additions read,

> As a further consequence of the inclusion of the Prima® trademark in the patent cultivar names, defendants, and each of them, created the latent risk that competitors of Gerawan could exploit and dilute the Prima name by utilizing the cultivar names, including the

---

[1] The Court intended this to mean–and therefore clarifies it here--that any motion or stipulation seeking to amend a pleading, would be filed by February 6, 2012.

2

>term "Prima," without trademark protection upon expiration of each of the patents in which the "Prima" name is utilized in the name of the cultivar.

and

>Further, throughout the time periods alleged in this paragraph, the patents remained in full force and effect and no party could have used, free from patent protection, the cultivar names on the patented plants.

and

>Furthermore, prior to at least January 1, 2010, there was no legal use (use without the consent of Gerawan) of the cultivar names by competitors as all of the "Prima" patents alleged herein were still in full force and effect.

As noted above, no defendant objects to the amendments.

**II.   Legal Standards for Motion to Amend**

A plaintiff may amend his complaint once as a matter of course before a responsive pleading is served. Fed.R.Civ.P. 15(a). Once a responsive pleading is served, a plaintiff may amend the complaint only by written consent of the opposing party or by leave of court, the latter of which must be "freely given when justice so requires." In this case, responsive pleadings have been served, thus leave of the Court, to file the amended complaint is required.

The grant or denial of leave to amend a complaint is within the Court's discretion. In deciding whether to grant leave to amend a complaint, the Court may consider the following factors: bad faith, undue delay, futility of amendment, and prejudice to the opposing party. Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001). "These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1986); Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999). "[I]n evaluating undue delay, we also inquire whether a moving party knew or should have known the facts and theories raised by the amendment in the original pleading." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Of the factors, "prejudice to the opposing party is the most important factor." Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990); Eminence Capital, 316 F.3d at 1052 ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"). In addition, the Court's discretion to deny leave to amend is "particularly broad" where a plaintiff has previously amended his complaint. Allen v. City of

1  Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990); Leighton, 833 F.2d at 186 n. 3.  The Ninth Circuit has
2  instructed that "Rule 15's policy of favoring amendments to pleadings should be applied with "extreme
3  liberality."  United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

*Undue Delay*

Though Plaintiff details that this motion was filed a mere two months after the scheduling order and within the deadline set forth in the scheduling order–which makes it, of course, timely for Rule 16 purposes–Gerawan does not explain why the amendment was not sought earlier.  Owens, 244 F.3d at 712.

As noted above, this matter was removed to this Court more than 14 months ago.  (Doc. 1)  By that time, the matter was about 30 days old.  (Doc. 1-2)  At first blush, it appears that there has been delay in filing the current motion.  However, a review of the docket, as set forth above, demonstrates that very little has happened in this to move the matter toward completion.  This has been caused by the delay necessitated by the motion to remand and the time allowed to await the outcome of the underlying matter to determine whether it would resolve the issues in this case.  Though, it did not, only in hindsight does this delay seem unwarranted.  In truth, discovery of this matter began in April 2010, though the inability of the parties to agree to the terms of a protective order delayed fairly significantly, the information received by the Worrell Defendants.  (Doc. 47 at 2-3)

On the other hand, Plaintiff contends that the amendments merely add "an item of damage arising from the same facts and circumstances upon which the original pleading is based."  (Doc. 57 at 3)  No Defendant contends otherwise.  Thus, because it is not clear to the Court that there has been undue delay in seeking this amendment, this factor does not weigh against amendment.

*Bad Faith or Dilatory Tactics*

The Court finds no evidence of bad faith or of dilatory tactics in seeking the amendment.  Indeed, Defendants' non-opposition to the motion to amend belies such a claim.  Thus, these factors do not weigh against amendment.

*Prejudice*

This factor is the most important in determining whether leave to amend should be allowed. Here, there is no evidence that Defendants will suffer prejudice if the amendment is permitted.  As

4

1  Plaintiff points out, discovery is not due to conclude until October 2012.  Moreover, the Court has not
2  been apprised that the amendments will prejudice Defendants' ability to prosecute their dispositive
3  motions related based upon to the statute of limitations argument. Thus, this factor does not weigh
4  against amendment.

**ORDER**

For the reasons set forth above, the Court **ORDERS**;

1. Plaintiff's motion for leave to file the First Amended Complaint is **GRANTED**;
2. Plaintiff SHALL file the First Amended Complaint lodged with its motion, within two court days of service of this order.

IT IS SO ORDERED.

Dated:   **January 27, 2012**                                   /s/ Jennifer L. Thurston
                                                               UNITED STATES MAGISTRATE JUDGE

5