1

2

3

4

5

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  GERAWAN FARMING, INC.,                    )  Case No. 1:10-cv-02011 LJO JLT
                                              )
12            Plaintiff,                      )  ORDER GRANTING IN PART STIPULATION
                                              )  TO AMEND SCHEDULING ORDER
13       vs.                                  )
                                              )  (Doc. 73)
14                                            )
    TOWNSEND TOWNSEND AND CREW LLP,           )
15  ET AL.,                                   )
              Defendant.                      )
16  _____  )

17        Before the Court is the jointly filed document entitled, "Amended Scheduling Report." (Doc.

18  73)  In essence, this document is a stipulation to amend the scheduling order.  For the reasons set forth

19  below, the request to amend the scheduling order is **GRANTED IN PART**.

20  **I.   The Scheduling Order**

21        On November 9, 2011, the Court issued the scheduling order in this case. In it, the Court notified

22  the parties,

23        **The dates set in this Order are considered to be firm and will not be modified**
          **absent a showing of good cause even if the request to modify is made by stipulation.**
24        **Stipulations extending the deadlines contained herein will not be considered unless**
          **accompanied by affidavits or declarations, and where appropriate attached**
25        **exhibits, which establish good cause for granting the relief requested.**

26  (Doc. 49 at 7.)

27        By the time the Court issued the scheduling order, the case had been on file in this court for more

28  than a year.  (Doc. 1)  Part of the delay in scheduling the case was due to motion practice.  However,

1

1  another major reason was counsels' report to the Court that resolution of a related case would likely

2  result in resolution of this case.  (Doc. 26)  Thus, for eight months, the parties and the Court awaited

3  resolution of the related case.  When that case failed to resolve in a timely fashion, the Court ordered that

4  the case would be scheduled.[1]

5      During six of the eight-month delay, the parties propounded discovery but very little discovery

6  was actually produced.  (Doc. 35) This was caused by the inability or unwillingness of counsel to agree

7  upon the terms of a protective order.  Id.  When the Court was made aware of the situation, it ordered

8  immediate briefing and after receiving it, immediately issued the protective order.  (Doc. 45)  Likewise,

9  the Court set a new scheduling conference hearing and ordered production of the responsive documents

10  in the interim.  Id.

11      In the joint statement prepared for the scheduling conference, the parties noted that Plaintiff's

12  document production was ongoing and would be substantially complete by December 9, 2011.  (Doc.

13  47 at 3-4.)  In the scheduling order, the Court ordered the document production to be complete by

14  December 9, 2011 or by a date agreed upon by counsel.  (Doc. 49 at 2)  The Court *did not* make the

15  effectiveness of the scheduling order conditional upon Plaintiff meeting the December 9 deadline nor

16  did it give any indication that counsels' agreement to allow a later production would have this effect.

17  Id.

18      However, it appears that this document production was not completed until January 13, 2012.

19  (Doc. 73 at 2.)  The exact cause of this month-long delay was not adequately explained by counsel.  Id.

20  at 3.  Also not explained, is why counsel agreed to this delay or why they failed to involve the Court to

21  expedite the process.

22      On the other hand, counsel note that Plaintiff has obtained a new attorney who needs time to

23  prepare himself for the prosecution of the action.  (Doc. 73 at 2-3) Though the Court is sympathetic to

24  this situation, the stipulation does not explain why a 60-day extension is needed for counsel to come up

25  to speed nor why this impacts the Defendants' ability to conduct discovery.  Likewise, there is no

26  explanation of any discovery being propounded by Defendants since before the scheduling conference

27

28

[1]Notably, the related case *did* finally resolve but *did not* impact the viability of *any* claims raised in this matter.

1   nor any explanation for this failure.

2   **II.   Analysis**

3       Pursuant to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified <u>only for good cause</u> and

4   only with the judge's consent. Fed. R. Civ. P. 16(b).  In <u>Johnson v. Mammoth Recreations, Inc.</u>, 975

5   F.2d 604, 609 (9th Cir. 1992), the Court explained,

6           . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party
            seeking the amendment. The district court may modify the pretrial schedule "if it cannot
7           reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P.
            16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon
8           the moving party's reasons for seeking modification. . . . If that party was not diligent,
            the inquiry should end.
9

10      Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of

11  the litigation." <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 607 (E.D. Cal. 1999); see <u>Marcum v. Zimmer</u>,

12  163 F.R.D. 250, 254 (S.D. W.Va. 1995).  In part, the "good cause" standard requires the parties to

13  demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her

14  diligent efforts to comply, because of the development of matters which could not have been reasonably

15  foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." <u>Jackson</u>, 186 F.R.D. at

16  608, emphasis added.

17      As noted above, the stipulation fails to make much effort toward demonstrating diligence by any

18  counsel in prosecuting this action.  At most, the stipulation demonstrates that documents have been

19  produced.  They do not explain why counsel allow this production to drag on nor why Defendants

20  allowed their discovery period to lapse without conducting any additional substantive discovery.

21      Furthermore, there is no explanation provided that would justify derailing the entire case

22  schedule.  Indeed, in crafting the scheduling order, the Court took pains to formulate a schedule that

23  would meet the needs of the parties.  It allow phased discovery and--though it was highly irregular--the

24  filing of two motions for summary judgment.  This accommodation was made by the Court to preserve

25  the resources of the parties--despite the burden this placed on this already overburdened Court and

26  despite the waste of judicial resources that this would cause.  Rather than appreciating the Court's

27  indulgence, it appears counsel have formed the idea that the case schedule is not a binding order but a

28  flexible, living document that will be amended casually and despite their clear lack of diligence in

1   moving this case forward. Thus, the Court has little hesitation in concluding that the stipulation has

2   failed to demonstrate the good cause requirement to justify amendment of the case schedule.

3        Nevertheless, because, apparently, counsel was not fully apprised of the fact that the scheduling

4   order was just that--an order containing "firm" dates that would not be altered absent good cause. (Doc.

5   49 at 7.)   This seems apparent given Defendants permitting their discovery period to expire without

6   having taken the depositions of the key personnel of Plaintiff.  Thus, the Court will **GRANT IN PART**

7   and **DENY IN PART** the stipulation to amend the scheduling order.

8                                                      **ORDER**

9        Based upon the foregoing, the Court **ORDERS**:

10       1.    The scheduling order is amended to allow Defendants until **April 6, 2012** to complete

11             all discovery related to the issue of the statute of limitations.  This does not impact

12             Plaintiff's deadline to complete discovery related to the statute of limitations nor does

13             it delay Plaintiff in beginning this discovery;

14       2.    The briefing schedule for the motion for summary judgment related to the statute of

15             limitations is amended as follows:

16             a.    Defendants shall file their motions for summary judgment regarding the

17                   statute of limitations on or before **May 4, 2012**;

18             b.    Opposition shall be filed no later than **June 8, 2012**;

19             c.    Any reply in support of the motion shall be filed on or before **June 22, 2012**;

20       3.    **No other amendments to the scheduling order are authorized**.

21  **Counsel are advised that no further amendments to the scheduling order SHALL be permitted**

22  **absent a showing of exceptional good cause.**

23

24  IT IS SO ORDERED.

25  Dated:   **February 29, 2012**                              **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE

26

27

28