IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERAWAN FARMING, INC., | CASE NO. CV F 10-2011 LJO JLT |
| Plaintiff, | **ORDER TO CLARIFY SUMMARY JUDGMENT DECISION ON LIMITATIONS DEFENSE** |
| vs. | (Doc. 120.) |
| TOWNSEND AND TOWNSEND AND CREW LLP, et al., | |
| Defendants. | |

Defendants attorney Rodney Worrel and law firm Worrel & Worrel (collectively "Worrel") seek reconsideration of denial of summary judgment that plaintiff Gerawan Farming, Inc.'s ("Gerawan's") legal malpractice claims are time barred. This Court reviewed Worrel's reconsideration motion and issues this order to address issues raised by the reconsideration motion.

Worrel and defendant Townsend and Townsend and Crew ("Townsend") sought summary judgment that California Civil Code of Procedure section 340.6's ("section 340.6") one-year limitations period barred Gerawan's legal malpractice claims arising from Gerawan's diminished Prima trademark. The summary judgment issue boiled down to when Gerawan suffered actual injury arising from inclusion of Gerawan's Prima trademark in Gerawan plant patents. Worrel and Townsend (collectively "defendants") contend that Gerawan suffered actual injury during 2003-2005 when Gerawan incurred attorney fees to address inclusion of the Prima trademark in the plant patents. Gerawan responded that

1

it did not suffer actual injury until 2010 when Gerawan was required to defend the Prima trademark in litigation.

This Court's October 23, 2012 summary judgment decision ("decision") attempted to distinguish for actual injury purposes the 2003-2005 attorney fees and the 2010 defense of the Prima trademark:

> Until the trademark action, the Prima trademark remained untarnished. As such, Gerawan's recoverable damages are limited only to expenses directly tied to defending the Prima trademark, and to date, such damages are limited to legal expenses incurred in the trademark action. *See Sindell v. Gibson, Dunn & Crutcher*, 54 Cal.App.4th 1457, 1470, 63 Cal.Rptr.2d 594 (1997) ("the litigation itself is the event which constitutes damage"). Legal expenses incurred up to a legal challenge to the Prima trademark are not recoverable in that they are not an actual injury arising from inclusion of the Prima trademark in the Prima plant patents. Gerawan appears to concede as much given its challenge to defendants' points that actual injury arose from "expenditure of any attorneys' fees to other attorneys to investigate the work performed by prior counsel." In sum, defendants are not entitled to summary judgment relief in that at a minimum, questions of fact exist as to actual injury and in turn tolling of section 340.6's one-year limitations period. That said, Gerawan's recoverable damages are limited to actual defense of the Prima trademark, and the record indicates that such damages are limited to legal expenses in connection with the trademark action.

Worrel faults the decision's failure to recognize Gerawan's 2003-2005 attorney fees as actual injury to cease section 340.6(a)(1) tolling. Worrel asks this Court to reconsider whether payment of the 2003-2005 attorney fees "constitute appreciable harm for purposes of the commencement of the statute of limitations against Worrel" in that "the Decision is erroneous."

Worrel criticizes the "Decision's failure to segregate the two types of injury Gerawan asserted: (1) injury to Prima trademark and (2) attorney's fees and costs expended." Worrel argues that the purpose to incur the 2003-2005 attorney fees was "to address the risk created by the alleged malpractice" and "failing to address the distinction between speculative harm and attorney's fees actually incurred to address potential future harm was error."

The gist of Worrel's arguments is that the 2003-2005 attorney fees ceased section 304.6(a)(1) tolling to start the one-year limitations period for all injury arising from Worrel's malpractice. This Court agrees with Worrel that its malpractice created two forms of potential injury: (1) attorney fees to address the malpractice; and (2) continuing exposure of legal challenge to the Prima trademark, which was realized in Gerawan's trademark litigation with Prima Bella Produce, Inc. The decision is unclear on this point by noting: "Legal expenses incurred up to legal challenge to the Prima trademark are not recoverable in that they are not an actual injury arising from inclusion of the Prima trademark in the

Prima plant patents."

Despite the decision's misstep, the decision limits Gerawan's recovery to legal expenses arising from the 2010 "legal challenge to the Prima trademark." The decision states that "Gerawan's recoverable damages are limited to actual defense of the Prima trademark, and the record indicates that such damages are limited to legal expenses in connection with the trademark action." To clarify, Worrel's malpractice caused two forms of actual injury for section 340.6 purposes: (1) 2003-2005 attorney fees to address inclusion of the Prima trademark in plant patents and which are not recoverable; and (2) legal expenses incurred in the trademark litigation with Prima Bella Produce, Inc. and which are not time barred.

This Court trusts that this order clarifies the decision. As such, this Court ORDERS Worrel, no later than November 6, 2012, to file papers to indicate whether it withdraws its reconsideration motion or continues to pursue it to ruling. This Court understands Worrel's disagreement with the decision's result. However, Worrel's disagreement is insufficient to warrant reconsideration. "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.,* 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted).

IT IS SO ORDERED.

**Dated:   November 2, 2012**              /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE