# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERAWAN FARMING, INC., | CASE NO. 10-2011 LJO JLT |
| Plaintiff, | **ORDER TO DENY RECONSIDERATION** |
| vs. | (Doc. 120.) |
| TOWNSEND AND TOWNSEND AND CREW LLP, et al., | |
| Defendants. | |

## INTRODUCTION

Defendants attorney Rodney Worrel and law firm Worrel & Worrel (collectively "Worrel") seek reconsideration of denial of summary judgment that plaintiff Gerawan Farming, Inc.'s ("Gerawan's") legal malpractice claims are time barred. Worrel disagrees with this Court's analysis of actual injury to cease tolling of the one-year legal malpractice limitations period. Gerawan contends that Worrel is not entitled to reconsideration in that Worrel merely disagrees with denial of summary judgment. This Court considered Worrel's reconsideration motion on the record and VACATES the December 10, 2012 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court DENIES Worrel reconsideration.

## BACKGROUND

Worrel and defendant Townsend and Townsend and Crew ("Townsend") sought summary

judgment that California Civil Code of Procedure section 340.6's ("section 340.6") one-year limitations period barred Gerawan's legal malpractice claims arising from Gerawan's diminished Prima trademark. The summary judgment issue boiled down to when Gerawan suffered actual injury arising from inclusion of Gerawan's Prima trademark in Gerawan plant patents. Worrel and Townsend (collectively "defendants") contend that Gerawan suffered actual injury during 2003-2005 when Gerawan incurred attorney fees to address inclusion of the Prima trademark in the plant patents. Gerawan responded that it did not suffer actual injury until 2010 when Gerawan was required to defend the Prima trademark in litigation.

This Court's October 23, 2012 summary judgment decision ("decision") attempted to distinguish for actual injury purposes the 2003-2005 attorney fees and 2010 defense of the Prima trademark:

> Until the trademark action, the Prima trademark remained untarnished. As such, Gerawan's recoverable damages are limited only to expenses directly tied to defending the Prima trademark, and to date, such damages are limited to legal expenses incurred in the trademark action. *See Sindell v. Gibson, Dunn & Crutcher*, 54 Cal.App.4th 1457, 1470, 63 Cal.Rptr.2d 594 (1997) ("the litigation itself is the event which constitutes damage"). Legal expenses incurred up to a legal challenge to the Prima trademark are not recoverable in that they are not an actual injury arising from inclusion of the Prima trademark in the Prima plant patents. Gerawan appears to concede as much given its challenge to defendants' points that actual injury arose from "expenditure of any attorneys' fees to other attorneys to investigate the work performed by prior counsel." In sum, defendants are not entitled to summary judgment relief in that at a minimum, questions of fact exist as to actual injury and in turn tolling of section 340.6's one-year limitations period. That said, Gerawan's recoverable damages are limited to actual defense of the Prima trademark, and the record indicates that such damages are limited to legal expenses in connection with the trademark action.

Worrel faults the decision's failure to recognize Gerawan's 2003-2005 attorney fees as actual injury to cease section 340.6(a)(1) tolling.

This Court reviewed Worrel's reconsideration motion upon its filing and issued its November 2, 2012 order ("November 2 order") to clarify the decision's analysis of actual injury. The November 2 order states:

> . . . This Court agrees with Worrel that its malpractice created two forms of potential injury: (1) attorney fees to address the malpractice; and (2) continuing exposure of legal challenge to the Prima trademark, which was realized in Gerawan's trademark litigation with Prima Bella Produce, Inc. The decision is unclear on this point by noting: "Legal expenses incurred up to legal challenge to the Prima trademark are not recoverable in that they are not an actual injury arising from inclusion of the Prima trademark in the Prima plant patents."
>
> Despite the decision's misstep, the decision limits Gerawan's recovery to legal

2

expenses arising from the 2010 "legal challenge to the Prima trademark." . . . To clarify, Worrel's malpractice caused two forms of actual injury for section 340.6 purposes: (1) 2003-2005 attorney fees to address inclusion of the Prima trademark in plant patents and which are not recoverable; and (2) legal expenses incurred in the trademark litigation with Prima Bella Produce, Inc. and which are not time barred.

The November 2 order asked Worrel whether the November 2 order was sufficient or whether Worrel requested this Court to further address reconsideration. Worrel requests that this Court further address reconsideration.

## DISCUSSION

### Reconsideration Principles

Worrel seeks reconsideration whether payment of the 2003-2005 attorney fees "constitute appreciable harm for purposes of the commencement of the statute of limitations against Worrel" in that "the Decision is erroneous."

A basic principle of federal practice is that courts generally refuse to reopen decided matters. *Magnesystems, Inc. v. Nikken*, 933 F.Supp. 944, 948 (C.D. Cal. 1996). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999), *cert. denied*, 490 U.S. 1059, 109 S.Ct. 1972 (1989). A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2nd Cir. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Westlands Water*, 134 F.Supp.2d at 1131.

Either the moving or opposing party may seek reconsideration of summary judgment. *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir.), *cert. denied*, 493 U.S. 868, 110 S.Ct. 192 (1989). Reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence; (2)

has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. *School District 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994). There may be other highly unusual circumstances warranting reconsideration. *School District 1J*, 5 F.3d at 1263. Denial of reconsideration is reviewed for abuse of discretion. *School District 1J*, 5 F.3d at 1262.

Worrel accuses this Court of clear error and a manifestly unjust decision. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). Manifest injustice arises from a "plainly wrong" order that results in "substantial prejudice to the aggrieved party." *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 186 (1st Cir.1989).

### **Actual Injury**

Worrel argues that the purpose to incur the 2003-2005 attorney fees was "to address the risk created by the alleged malpractice" and "failing to address the distinction between speculative harm and attorney's fees actually incurred to address potential future harm was error." Worrel contends that Gerawan cannot split its malpractice claim into several causes of action that accrued at different times in that a violation of a primary right constitutes a single cause of action.

Gerawan responds there are factual issues whether the 2003-2005 attorney fees were compelled to remedy or mitigate attorney error given the dispute whether a remedy or mitigation was possible. Gerawan contends that "a 'second opinion' can be obtained without triggering an 'actual injury' when there is otherwise no 'actual injury.'" Gerawan continues that Worrel attempts to control and eliminate actual injury tolling "in the circumstance of future unrealized harm without any damages other than the expense of having an attorney confirming the existence of the error."

"While '[t]he mere breach of a professional duty, causing only nominal damages, speculative harm, or the threat of future harm not yet realized does not suffice to create a cause of action for negligence,' an action accrues, and the statute begins to run, as soon as the plaintiff suffers 'appreciable harm' from the breach." *Smith v. SHN Consulting Engineers & Geologists, Inc.*, 89 Cal.App.4th 638, 650-651, 107 Cal.Rptr.2d 424 (2001) (quoting *Budd v. Nixen,* 6 Cal.3d 195, 200, 98 Cal.Rptr. 849

(1971)).

This action illustrates the dilemma to isolate actual injury from malpractice which exposes to injury a property right such as an established trademark. Inclusion of the Prima trademark in the Gerawan plant patents exposed the Prima trademark to legal challenge or harm which remain unrealized until the 2010 trademark litigation. Factual issues arise whether the 2003-2005 attorney fees were nominal damages in that the Prima trademark remained valid and unchallenged and the 2003-2005 legal efforts did not preclude legal challenge to the Prima trademark. There are factual questions as to the consequences of the 2003-2005 legal efforts, especially given Gerawan's rejection of the recommendation to phase in a new trademark. Given the unique circumstances, this Court disagrees with Worrel's assessment that the "content of legal advice paid for, and how Plaintiff opted to react, is irrelevant to the determination of whether the payment of these fees constitutes actual injury."

The record reveals that Gerawan consulted legal counsel to address the impact of inclusion of the Prima trademark in the plant patents. Defendants fail to demonstrate that such consultation equates to actual injury in that the appreciable harm to the Prima trademark was a legal challenge which remained speculative when the 2003-2005 attorney fees were incurred. As such, the meaningful appreciable harm did not arise until the 2010 legal challenge to the Prima trademark to toll the limitations period, despite Gerawan's incurring attorney fees to investigate or evaluate potential harm, which in absence of the trademark litigation, may never have arisen. Worrel's points as to impermissible claim splitting demonstrate the unparalleled facts of continuing exposure of harm to Gerawan and in turn factual issues to bar summary judgment on the limitations defense.

Contrary to Worrel's assertion, the November 2 order did not find that the 2003-2005 attorney fees constitute absolute actual injury. The November 2 articulated that the 2003-2005 attorney fees are subject to section 340.6 actual injury analysis and no more. However, under the circumstances, the record indicates that the 2003-2005 attorney fees are no more than nominal damages and thus not recoverable.

Moreover, Worrel's mitigation points are unavailing under the circumstances here in that the "rule of mitigation of damages has no application where its effect would be to require the innocent party to sacrifice and surrender important and valuable rights." *Seaboard Music Co. v. Germano*, 24

Cal.App.3d 618, 623, 101 Cal.Rptr. 255 (1972).  The record reveals no less than factual issues whether recommended mitigation to phase in a new brand would be effective or even a meaningful option given Gerawan's commitment to and long use of the established Prima trademark.

In short, Worrel disagrees with this Court's reasoning.  Such disagreement fails to support reconsideration.  As such, this Court DENIES Worrel reconsideration.

IT IS SO ORDERED.

**Dated:   December 4, 2012**             /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE