**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERAWAN FARMING, INC, <br><br>    Plaintiff, <br><br>    vs. <br><br> TOWNSEND TOWNSEND AND CREW LLP, et al., <br><br>    Defendants. <br> _____ | **CASE NO. 1:10-CV-02011 LJO JLT** <br><br> **ORDER REMANDING THE MATTER TO THE FRESNO SUPERIOR COURT** |

This case involves a claim of attorney malpractice arising from the creation of five plant patents. On March 7, 2013, the Court held a telephonic conference with the parties, at their request, to discuss the Court's jurisdiction in light of <u>Gunn v. Minton</u>, 568 U.S. ___, ____ S.Ct. ____, ____ L.Ed.2d ____. 2013 WL 610193 (Feb. 20, 2013).  The result of the conference was the Court's agreement to consider the issue sua sponte and the parties determined they did not wish to file briefs on the topic.

**I.    Background**

On October 25, 2010, Defendants Rodney Worrell and Worrell & Worrell, removed this matter from the Fresno Court Superior Court.  (Doc. 1)  Plaintiff opposed the removal and on November 23, 2010, filed a motion to remand the matter.  (Doc. 14)  On January 20, 2011, the Court issued its order denying the motion to remand.  (Doc. 23)  In so ordering, the Court found "proving both causation and

1  damages will require resolution of a substantial question of federal law." (Doc. 23 at 6) In particular,
2  the Court found that,

> Plaintiff will have to demonstrate that Defendants' use of the trademark in the patent name, rather than simply the characteristics of the word "Prima," was the legal cause of their harm. Plaintiff admits that if it loses the trademark action and the PRIMA mark is invalidated because it is generic, its claimed damages will also include those related to trademark diminution. In this scenario, Plaintiff will have to prove causation by showing that the use of the trademark in the patent name was the cause of the generic finding and resulting invalidation. This will require resolution of substantial questions of federal patent and trademark law.

Id. at 6.  Notably, at that time, a companion case, Gerawan v. Prima Bella, 1:10-cv-00148 LJO JLT, was ongoing.  In that matter, the defendant claimed, at least in part, that Plaintiff's patent name, PRIMA, was generic such that the patent should be invalidated.[1]  This lawsuit formed the basis for the claim in the instant matter that Plaintiff's attorneys committed professional negligence in connection with the trademark and the naming of the five plant patents.

In the motion denying remand, the Court found that determining the issues of causation and damages would require "an analysis of federal patent and trademark law." (Doc. 23 at 7.)  As a result, the Court concluded, "Therefore, Plaintiff cannot recover for Defendants' alleged negligence without resolving substantial issues of trademark and patent law." Id.  Moreover, the Court described its "substantial interest" in hearing the action because unlike a typical professional negligence matter, the standard of care will be determined according to federal law which will require an analysis of federal precedent.  Id.

**II.    The Court may consider its own jurisdiction at any time**

The district court has "a duty to establish subject matter jurisdiction over [a] removed action sua sponte, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004); see also Kelton Arms Condo. Homeowners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192-93 (9th Cir. 2003) (noting a distinction between procedural and jurisdictional defects and holding that a "district court *must* remand if it lacks jurisdiction"). Consequently, the Sixth Circuit explained that a court "can, in fact must, dismiss a case when it

---

[1] This case settled before trial.

determines that it lacks subject matter jurisdiction, whether or not a party has a filed a motion." Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995).

**III.     Gunn v. Minton**

On February 20, 2013, the United States Supreme Court decided Gunn v. Minton, 568 U.S. ___, ____ S.Ct. ____, ____ L.Ed.2d ____. 2013 WL 610193 (Feb. 20, 2013).  In this case, Minton developed an electronic system to facilitate securities trading. Id. at *3.  He leased the system to a third party and a year later, sought a patent. Id.  When the patent was issued, Minton—represented by Gunn--sued two defendants for patent infringement. Id.  They in turn claimed the patent was invalid because the technology had been "on sale" for more than a year before the patent application was made. Id.  After the court granted summary judgment in the defendants' favor, Gunn filed a motion for reconsideration on Minton's behalf in which he claimed that the lease of the technology fell within the "experimental use" exception to the "on sale" bar. Id.  When the court determined that the argument had been waived based upon his failure to timely raise it and this determination was affirmed on appeal, Minton sued Gunn in state court for professional negligence. Id.

In the trial court, Gunn convinced the court that the "experimental use" exception did not apply to the leased technology and the court granted summary judgment in Gunn's favor. Gunn, at *3.  On appeal, Minton challenged the state court's jurisdiction. Id. 3-4.  Minton argued that his case arose under federal law according to 28 U.S.C. § 1338(a) which provides, "[n]o State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents." Id. at 4.  The court of appeal refused this argument and found that the case did not raise a sufficiently substantial federal interest, therefore, concluded it did not "arise under" federal law. Id.

Nevertheless, the Supreme Court of Texas disagreed and found that there was a substantial federal question because it relied upon the "experimental use" exception to the "on-sale" bar. Gunn, at 4.  The court concluded that a determination of Minton's claim in federal court struck the "appropriate balance between federal and state judicial responsibilities" and that "the federal government and patent litigants have an interest in the uniform application of patent law by courts well-versed in that subject matter." Id.

In its analysis, the Supreme Court relied upon its earlier decision in Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 314 (2005) and determined that a case may arise under federal law if the federal issue is, "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn, at *6.  In concluding that Minton's legal malpractice action did not implicate federal court jurisdiction, the Court noted that though the federal patent question was necessary to Minton's case and was actually disputed, the federal question was not substantial. Id. at *6-7.  In short, the Court found that whether a substantial federal issue existed depended, not on the importance of the issue to the instant parties but, instead, on the importance of the issue to the federal system.  Id. at *7.

Key to the determination there was no federal court jurisdiction, was the fact the malpractice action was not significant to the federal system as a whole.  The Court noted, "Because of the backward-looking nature of a legal malpractice claim, the question is posed in a merely hypothetical sense: *If* Minton's lawyers had raised a timely experimental-use argument, would the result in the patent infringement proceeding have been different? No matter how the state courts resolve that hypothetical 'case within a case,' it will not change the real-world result of the prior federal patent litigation. Minton's patent will remain invalid." Id. at 8.

Moreover, the Court was not troubled by the fact that deciding malpractice claims related to legal representation in patent actions could require the state court to review federal precedent and rejected that any state court decision related to a patent law interpretation would have any precedential effect. Gunn, at 8. "[A]lthough the state courts must answer a question of patent law to resolve Minton's legal malpractice claim, their answer will have no broader effects. It will not stand as binding precedent for any future patent claim; it will not even affect the validity of Minton's patent. Accordingly, there is no 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' Grable, supra, at 313, 125 S.Ct. 2363. Section 1338(a) does not deprive the state courts of subject matter jurisdiction." Id. at 10.  In so concluding, the Court found that the state's interest in regulating the legal practice and maintaining standards of competence within the profession is "especially great." Id.

4

1  The facts of the case at bar are somewhat different.  The underlying case, in which it was
2 claimed that Plaintiff's patent name was generic, has been resolved without a determination of the
3 validity of the patent.  However, notably, the Court in its earlier motion denying remand found that a
4 determination of the validity of the underlying patents was not necessary to a determination whether
5 the attorneys breached their standard of care.  Instead, the Court opined that this issue impacted the
6 damage question only.  (Doc. 23 at 6-7)  The court concluded, nonetheless, that this still required "an
7 analysis of federal patent and trademark law."  Id.

8  However, as articulated in Gunn, the mere need to analyze federal law is insufficient for a
9 finding that a substantial federal issue exists in the litigation.  Gunn, at 10.  Indeed, the determination
10 of Plaintiff's damages—even if a court concludes that the patent name PRIMA gives rise to a claim
11 that it is generic and even if counsel failed to advise Plaintiff not to select this name—would not
12 invalidate the patent.  Perhaps most instructive, however, is Gunn's conclusion that,

> Indeed, for the reasons we discuss, we are comfortable concluding that state legal malpractice claims based on underlying patent matters will rarely, if ever, arise under federal patent law for purposes of § 1338(a). Although such cases may necessarily raise disputed questions of patent law, those cases are by their nature unlikely to have the sort of significance for the federal system necessary to establish jurisdiction

16 Id. at 6.

17  Therefore, based upon the Supreme Court's holding in Gunn, the Court has little hesitation in
18 finding that the instant litigation does not raise a substantial federal question and, as a result, that the
19 Court lacks jurisdiction to determine this malpractice action.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

5

**ORDER**

For these reasons, the Court **ORDERS**:

1. The matter is **REMANDED** to the Fresno County Superior Court;
2. The Clerk of Court **is DIRECTED** to close this matter, because this Order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **March 8, 2013**              /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE